IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00196-BNB

JOE M. TONEY, JR.,

    Plaintiff,

v.

WARDEN BERKEBILE,
A. W. MS. HALL,
A. W. MR. JOHNSON,
MS. RANGEL,
MR. GRIGGS,
MS. SUDLOW,
MS. H. REDDEN,
MR. CEDENO,
SIS LT. M. L. BIER,
MR. HEWETT,
MR. C. COX,
MR. R. GOMEZ, and
MR. PERKINS,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Joe M. Toney, Jr., is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.  Mr. Toney filed a Prisoner Complaint (ECF No. 1) on January 23, 2014.  On May 9, 2014, he filed *pro se* an amended Prisoner Complaint (ECF No. 19) for money damages pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), as well as other statutory authority.  Mr. Toney was granted leave to proceed pursuant to 28 U.S.C. § 1915.

On May 13, 2014, Magistrate Judge Boyd N. Boland ordered Mr. Toney to file within thirty days a second amended Prisoner Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and alleged the personal participation of each named Defendant. Magistrate Judge Boland's order warned him that, even if the Court dismissed the instant action without prejudice for failure to comply with the May 13 order, the dismissal may bar recovery if Mr. Toney sought to refile in this Court because the two-year statute of limitations may have run on his *Bivens* claims.

In lieu of filing the second amended Prisoner Complaint as directed, Mr. Toney filed a notice of appeal on May 23, 2014 (ECF No. 23), and moved the Court for an extension of time to file the second amended Prisoner Complaint. *See* ECF No. 21. On May 28, 2014, the Court granted the motion for extension of time for thirty days. *See* ECF No. 22. On June 4, 2014, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) entered an order (ECF No. 25) dismissing the appeal for lack of jurisdiction because Mr. Toney had appealed from a nonfinal order, i.e., the May 13 order for a second amended Prisoner Complaint. In the June 4 order, the Tenth Circuit noted that Mr. Toney's intent by filing the notice of appeal "may have been to seek review of the magistrate judge's ruling by the district court judge." ECF No. 25 at 2.

Liberally construing the notice of appeal as an objection because Mr. Toney is not represented by an attorney, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the objection will be overruled. Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that

2

the magistrate judge's order is clearly erroneous or contrary to law.  Magistrate Judge Boland's May 13 order is not clearly erroneous or contrary to law.  Therefore, the notice of appeal, liberally construed as an objection, will be overruled.

The Court construed Mr. Toney's amended Prisoner Complaint liberally because he is not represented by an attorney.  See *Haines*, 404 U.S. at 520-21; *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the amended Prisoner Complaint will be dismissed.

As stated in the May 13 order, the allegations in the amended Prisoner Complaint are vague, conclusory, and rambling.  Mr. Toney generally alleges that Defendants are (1) interfering with the grievances he files, (2) refusing him legal telephone calls to the Court and personal calls to his family and mother at the holidays and on a monthly basis, (3) denying him an orderly job, (4) giving him an orderly job as a means of retaliation, and (5) interfering in his relationship with an Alice Sanders by censoring their correspondence.  He also makes various other assertions that are difficult to comprehend.  On the basis of these allegations, he asserted violations of his rights of access to the courts, due process, free exercise of religion, equal protection, and his right to be free from cruel and unusual punishment.

The Court agrees with Magistrate Judge Boland that the amended Prisoner Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is

entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Toney fails to assert his claims in a manner that is clear and concise and allows the Court and each Defendant to understand and respond to each asserted claim. Generally, Mr. Toney fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Toney must present his claims in a manageable and readable format that

allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Toney must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights. A long, chronological recitation of facts is not necessary. Nor should the Court or Defendants be required to sift through Mr. Toney's vague and conclusory allegations to determine the heart of each claim.

In the May 13 order, Mr. Toney was informed he should name as defendants in his second amended Prisoner Complaint only those persons he contends actually violated his federal constitutional rights. Mr. Toney fails to allege facts that demonstrate each of the named Defendants personally participated in the asserted constitutional violations. In order to state a claim in federal court, Mr. Toney "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Toney must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a defendant

may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a civil rights suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Mr. Toney was informed he may use fictitious names, such as "John or Jane Doe," if he did not know the real names of the individuals who allegedly violated his rights.  However, he also was informed that if he used fictitious names he must provide sufficient information about each Defendant so that he or she could be identified for purposes of service.  Finally, in the May 13 order, Mr. Toney was warned that, even if the Court dismissed the instant action without prejudice for failure to comply with the May 13 order, the dismissal may act as a dismissal with prejudice if Mr. Toney sought to refile in this Court because the two-year statute of limitations may have run on his *Bivens* claims.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992);  *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that Mr. Toney failed to cure the deficiencies in the amended Prisoner Complaint within the time allowed by submitting a second amended Prisoner Complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violations.  The amended Prisoner Complaint and the action will be dismissed without prejudice for Mr. Toney's failure to file an amended Prisoner Complaint as directed within the time allowed.

The Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Toney files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that construing liberally the notice of appeal of May 23, 2014, as an objection pursuant to 28 U.S.C. § 636(b)(1)(A), the objection is overruled.  It is

FURTHER ORDERED that the amended Prisoner Complaint (ECF No. 19) and the action are dismissed without prejudice pursuant to Rules 8 and 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Joe M. Toney, Jr., to comply with Rule 8 and his failure to file within the time allowed a second amended Prisoner

Complaint that complied with the order of May 13, 2014.  It is

      FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

      FURTHER ORDERED that any pending motions are denied as moot.

      DATED at Denver, Colorado, this  10th  day of    July          , 2014.

                            BY THE COURT:


                              s/Lewis T. Babcock
                            LEWIS T. BABCOCK
                            Senior Judge, United States District Court