IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00196-LTB

JOE M. TONEY, JR.,

    Plaintiff,

v.

WARDEN BERKEBILE,
A. W. MS. HALL,
A. W. MR. JOHNSON,
MS. RANGEL,
MR. GRIGGS,
MS. SUDLOW,
MS. H. REDDEN,
MR. CEDENO,
SIS LT. M. L. BIER,
MR. HEETT,
MR. C. COX,
MR. R. GOMEZ, and
MR. PERKINS,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

The matter before the Court is the motion titled "Motion to Alter or Amend the Judgment" (ECF No. 29) that Plaintiff, Joe M. Toney, Jr., filed *pro se* on July 17, 2014. Mr. Toney is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He seeks reconsideration of the Order of Dismissal entered on July 10, 2014, which dismissed the amended Prisoner Complaint and the action without prejudice for Mr. Toney's failure to file a second amended Prisoner Complaint as directed within the time allowed.

The Court must construe the motion to reconsider liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will deny Plaintiff's request for reconsideration based on the reasons stated below.

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Toney's motion pursuant to Rule 59(e) because it was filed within twenty-eight days after the dismissal was entered in this action on July 10, 2014. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

On May 13, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 20) directing Mr. Toney to file a second amended Prisoner Complaint within thirty days.

The order warned Mr. Toney that if he failed within the time allowed to file a second amended Prisoner Complaint as directed, certain claims against certain defendants, or the entire amended Prisoner Complaint and action, may be dismissed without further notice.  ECF No. 20 at 6.  On May 23, 2014, Mr. Toney appealed from the May 13 order.  ECF No. 23.

On May 28, 2014, Magistrate Judge Boland entered a minute order (ECF No. 22) granting Mr. Toney's motion for extension of time filed on May 27, 2014 (ECF No. 21), and allowing him an additional thirty days in which to file the second amended Prisoner Complaint as directed in the May 13 order.  The minute order reminded Mr. Toney that failure to file an amended Prisoner Complaint as directed in the May 13 order within the time allowed may result in the dismissal of the instant action.  On June 4, 2014, the United States Court of Appeals for the Tenth Circuit dismissed Mr. Toney's appeal for lack of jurisdiction because Mr. Toney had appealed from a nonfinal order, i.e., the May 13 order for a second amended Prisoner Complaint.  ECF No. 25.  On July 10, 2014, the Court dismissed the amended Prisoner Complaint and the action without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and for Mr. Toney's failure to file within the time allowed a second amended Prisoner Complaint that complied with the May 13 order.  The judgment (ECF No. 27) was entered on the same day.  Four days after the dismissal, on July 14, 2014, Mr. Toney tendered a second amended Prisoner Complaint (ECF No. 28).

Mr. Toney apparently misunderstands that he had thirty days from the date of the May 28 minute order, or until June 27, 2014, in which to file the second amended Prisoner Complaint as directed.  Even under the prisoner mailbox rule of *Houston v.*

3

*Lack*, 487 U.S. 266, 276 (1998), Mr. Toney's signing--and apparent mailing--of the second amended Prisoner Complaint on July 9, 2014, still renders it untimely because it was filed after the June 27 deadline.

The Court, therefore, will deny Mr. Toney's motion to reconsider because he fails to demonstrate that the Court misapprehended the facts, his position, or the controlling law.

Accordingly, it is

ORDERED that the motion titled "Motion to Alter or Amend the Judgment" (ECF No. 29) that Plaintiff, Joe M. Toney, Jr., filed *pro se* on July 17, 2014, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this  12th  day of     August    , 2014.

BY THE COURT:


   s/Lewis T. Babcock    
LEWIS T. BABCOCK, Senior Judge
United States District Court